IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.,
HECTOR H. BALDERAS, Attorney General of
New Mexico,

      Plaintiff/Petitioner,

v.                                                             Civ. No. 17-00251 KBM/SCY

REAL ESTATE LAW CENTER, P.C., et al.,

      Defendants/Respondents.

**<u>ORDER GRANTING AMENDED MOTION TO PERMIT ALTERNATIVE SERVICE</u>**

THIS MATTER comes before the Court on Plaintiff's Amended Motion for Alternative Service Upon Defendant Erickson Davis (Doc. 19). The Court denied Plaintiff's first Motion to Permit Alternative Service due to Plaintiff's failure to include the proposed notice pursuant to Rule 1-004(K) NMRA. Doc. 18. Plaintiff then refiled the Motion with the proposed notice. Having reviewed the Amended Motion, the Court finds that it is well-taken and should be GRANTED.

As noted in the Court's first Order (Doc. 18), there is no express provision for service by publication under the Federal Rules of Civil Procedure. However, Rule 4(e)(1) provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Mexico Rule 1-004(F) requires personal service of process upon an individual and specifies various methods in which personal service may be accomplished. *See* Rule 1-004(F) NMRA. If personal service cannot reasonably be accomplished in accordance with Rule 1-004(F), then constructive service is permitted under Rule 1-004(J), which provides:

1

> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

Rule 1-004(J) NMRA.

The New Mexico Supreme Court has previously held that service by publication may be appropriate "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 1979-NMSC-034, ¶ 7, 593 P.2d 1075.

> This exception is based on the fact that "in concealing himself, the defendant, by his own action, renders personal service or process impossible. This action constitutes waiver of notice of the proceedings sought to be avoided….To allow a person to escape his civil obligation by purposefully hiding himself would be to encourage deception."

*Cowen, et al. v. Angelico, et al.*, Civ. No. 09-0483 JCH/LFG, Doc. 49 at 4. Recently, the New Mexico Supreme Court reiterated that "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effect service of process by publication." *T.H. McElvain Oil & Gas Limited Partnership v. Group I: Benson-Montin-Greer Drilling Corp., Inc.*, 2017-NMSC-004, ¶ 32, 388 P.3d 240.

Generally, a plaintiff will able to establish that it exercised diligence and good faith in attempting to locate a particular defendant by complying with Rule 1-004. *See T.H. McElvain*, 2017-NMSC-004, ¶ 32 (noting that Rule 1-004 effectuates the requirements of due process). Accordingly, service must be "attempted through the hierarchy of mechanisms set out under [Rule 1-004(F)]" and that a plaintiff must demonstrate "that this hierarchy was followed in detail, although the attempts were unsuccessful." *See Soto v. Vill. of Milan Police Dep't*, Civ. No. 10-0043 WJ/ACT, Doc. 51 (Sept. 17, 2010). Thus, a plaintiff must first deliver a copy of a

summons and complaint to the individual personally, or by mail or commercial courier as provided in Rule 1-004(E)(3). Rule 1-004(F)(1) NMRA. If either of these means are unsuccessful, a plaintiff may "deliver a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2). Finally, if no other means is successful, then

> service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(F)(3) NMRA.

Plaintiff represents that he has taken a number of unsuccessful steps to serve Defendant Davis. First, Plaintiff states that it made three unsuccessful attempts to serve Defendant Davis personally at the business address on file with California Secretary of State. Doc. 19 at 1. Second, Plaintiff represents that it made four unsuccessful attempts to serve Defendant Davis at his place of abode. Doc. 19 at 2. Plaintiff next mailed a request for waiver of service, including the complaint and summons, to Defendant Davis at this address. Doc. 17 at 2. Plaintiff additionally emailed these documents to Defendant Davis. Doc. 17 at 2. Following these unsuccessful attempts, Plaintiff located a new business address for Defendant Davis and attempted both in-person service and service by mail to no avail. Doc. 17-1 at 4. Indeed, an employee of the company denied any knowledge of Defendant Davis despite Defendant Davis being the registered CEO of the company and representations by the owner of the building that Defendant Davis received mail at that location. Doc. 17-1 at 4. Given the above, the Court finds

that Plaintiff has complied with the requirements of Rule 1-004(F). Accordingly, the Court GRANTS Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff may serve Defendant Davis by publication consistent with Rule 1-004(K). As it appears that Defendant Davis is a resident of California, the Court further orders that notice of pendency of the action be published in a newspaper of general circulation in the county of which Defendant Davis most recently resided.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE