IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.,
HECTOR BALDERAS, Attorney General of
New Mexico,

       Plaintiffs,

v.                                                               1:17-cv-00251-JB-LF

REAL ESTATE LAW CENTER, PC, et al.,

       Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on three *sua sponte* orders to show cause issued to pro se defendant Erikson Davis. Docs. 31, 52, 87. The Court issued the first order to show cause on January 4, 2018, because Mr. Davis failed to attend a telephonic status conference scheduled on that date. Doc. 31 ("first order"). In the first order, the Court warned Mr. Davis that "[f]ailure to comply with this Order shall constitute an independent basis for sanctions." *Id*. at 2. Mr. Davis was required to respond to the first order by January 26, 2018, but failed to do so. Doc. 52 at 2.

The Court issued the second order to show cause because Mr. Davis failed to appear at a scheduling conference on March 8, 2018. Doc. 52 ("second order"). The second order required Mr. Davis "to show cause in writing no later than Friday, April 3, 2018, as to why the Court should not impose sanctions for his failure to appear at both the January 4, 2018, status conference and the March 8, 2018, scheduling conference." *Id*. at 2. The Court observed that "it appears that Defendant Davis is no longer meaningfully participating in this lawsuit." *Id*. The second order further warned Mr. Davis that "failure to comply with this Order shall constitute an independent basis for sanctions and may result in him being held in contempt of court or default

judgment being entered against him." *Id*. Mr. Davis had through April 3, 2018, to respond to the second order and failed to do so.

The Court issued a third order to show cause to Mr. Davis because he failed to attend a telephonic status conference scheduled for October 17, 2018. Doc. 87 ("third order"). The third order required that Mr. Davis "provide the Court with a written explanation showing good cause why he should not be sanctioned for failing to attend the previously scheduled status conference, on or before October 31, 2018." In the third order, the Court noted that Mr. Davis had failed to attend two prior court hearings and failed to respond to two previous orders to show cause. *Id*. at 1. Once again, the Court observed that "[i]t appears that Mr. Davis is no longer meaningfully participating in this lawsuit." *Id*. Thus, the Court warned Mr. Davis that "the failure to comply with this order may result in sanctions up to and including payment of attorney's fees and costs, and likely will result in a recommendation to the district judge to enter default judgment against Mr. Davis without further warning."

There is no indication that Mr. Davis did not receive all three orders to show cause. Nevertheless, Mr. Davis failed to respond to all of the orders. All told, Mr. Davis has failed to comply with 6 of the Court's orders—the orders to appear at pretrial conferences (Docs. 28, 30, 84) and the orders to show cause (Docs. 31, 52, 87). Mr. Davis has not filed anything with the Court or participated in this case since July 15, 2017. *See* Doc. 24.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference. *See* FED. R. CIV. P. 16(f). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*,

312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). Rule 37 permits a court to impose a number of sanctions for a party's failure to comply with a court's orders, including rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(vi). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing default judgment as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Default judgment as a sanction under Rules 16(f) and 37(b)(2)(C) should be evaluated under the same factors. *Atlas Res., Inc. v. Liberty Mut. Ins. Co.*, 291 F.R.D. 638 (D.N.M. 2013) (applying the *Ehrenhaus* factors to plaintiff's request for sanctions that amount to default judgment against defendant); *Colley v. T-Mobile USA, Inc.*, No. 15-cv-0695-WJ-KBM (D.N.M. 2016) (dismissing case where plaintiff failed to participate meaningfully). "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188.

In this case, all of the factors weigh in favor of imposing default judgment against Mr. Davis. First, Mr. Davis' failure to participate has caused a high degree of prejudice to plaintiff and the other parties. Mr. Davis has failed to obey several orders of the Court. He failed to attend two scheduled status conferences and a scheduling conference. Mr. Davis failed to

3

participate in the meet and confer or contribute to the joint status report as ordered by the Court. *See* Docs. 30 at 1; 66 at 2. Mr. Davis further failed to respond to three orders to show cause. Plaintiff and the other defendants have expended time and money attending the pretrial conferences. In addition, plaintiff has been forced to file a motion for sanctions because of Mr. Davis' failure to participate. *See* Doc. 66.[1]

Second, Mr. Davis' lack of participation interferes with the judicial process. The case has been stymied by Mr. Davis' refusal to respond or participate. Plaintiff has been deprived of information necessary to prosecute its claims. Third, Mr. Davis is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and no explanation as to why he has refused to abide by them. Finally, Mr. Davis was warned multiple times that sanctions—including default judgment—could be imposed. Despite these warnings, Mr. Davis has ignored the orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of default judgment, I recommend that the Court enter default judgment against Erikson Davis on all issues of liability, reserving the issues of relief, such as disgorgement, restitution, and civil penalties, for further hearing or trial.

---

[1] This proposed finding and recommended disposition does not specifically address plaintiffs' Motion for Sanctions (Doc. 66) filed April 23, 2018. I recommend, however, that the Court impose the sanctions requested in plaintiff's motion. Should the Court adopt these recommendations, plaintiff's motion for sanctions should either be granted or denied as moot.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge