## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.,
HECTOR BALDERAS, Attorney General of
New Mexico,

      Plaintiff,

vs.                                                                                    No. CIV 17-0251 JB\LF

REAL ESTATE LAW CENTER, P.C., a
California professional corporation; ERIKSON
M. DAVIS, an attorney and resident of
California, individually, and dba Real Estate
Law Center, P.C., a California professional
corporation; DEEPAK S. PARWATIKAR, an
attorney and resident of California, individually,
and dba Balanced Legal Group, an unidentified
trade name or entity, dba
www.pinnaclelawcenter.com; CHAD T.
PRATT, an attorney and resident of California,
individually, and formerly dba Real Estate Law
Center, P.C.; the BALANCED LEGAL
GROUP, an unidentified trade name or entity
located in California, and PINNACLE LAW
CENTER, P.C., a California professional
corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Defendants' Motion for Protective Order

and to Quash Subpeonoas *Duces Tecum*, filed June 13, 2019 (Doc. 153)("Motion").  The Court

held a hearing on June 18, 2019.  See Clerk's Minutes Before the Honorable James O. Browning,

filed June 18, 2019, (Doc. 155).  The primary issues are whether: (i) the Court should allow

Plaintiff State of New Mexico to take trial depositions outside the discovery period; and (ii) the

Court should award attorneys' fees to Defendants Deepak S. Parwatikar, Balanced Legal Group,

and Pinnacle Law Center (collectively, the "Parwatikar Defendants") for having to file the Motion. Because the Parwatikar Defendants seek to enforce the existing discovery deadline, which has passed, and because the federal rules do not distinguish between trial depositions and regular discovery depositions, the Court will grant the Parwatikar Defendants' Motion.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint for Violations of the New Mexico Mortgage Foreclosure Consultant Fraud Prevention Act (MFCFPA), Mortgage Assistance Relief Services (MARS) Rule, the New Mexico Unfair Practices Act (UPA) and Petition for Injunctive Relief, filed February 22, 2017 (Doc. 1)("Complaint"). The Court provides these facts for background. It does not adopt them as the truth, and it recognizes that these facts are largely New Mexico's version of events.

This action arises from the activities of Defendants Real Estate Law Center, P.C. ("Real Estate Law"), Erikson M. Davis, Chad T. Pratt, and the Parwatikar Defendants. See Complaint ¶¶ 16-76, at 5-17. Mr. Davis, Mr. Pratt, and Mr. Parwatikar are residents of and attorneys licensed in California. See Complaint ¶¶ 10-12, at 4-5. Neither Mr. Davis nor Mr. Pratt is licensed to practice law in New Mexico. See Complaint ¶¶ 10-11, at 4-5. Real Estate Law "is a Professional Corporation registered in California." Complaint ¶ 9, at 4. Mr. Pratt owned and managed Real Estate Law from September, 2011, to September, 2013. See Complaint ¶ 37, at 8. Mr. Davis "assumed ownership of" Real Estate Law in 2013. Complaint ¶ 20, at 6. Real Estate Law "has an operating agreement or partnership agreement with Parwatikar and Pinnacle," which Mr. Parwatikar owns, Complaint ¶ 38, at 8, and Real Estate Law provides Pinnacle Law eighty percent of the fees that Real Estate Law receives, see Complaint ¶ 21, at 6. Balanced Legal "is a California law firm owned and/or managed by Parwatikar." Complaint ¶ 14, at 5.

Balanced Legal uses the same address -- 695 S. Vermont Ave., Los Angeles, California 90010 -- as Real Estate Law and Pinnacle Law.  See Complaint ¶ 34, at 8.

The Defendants "created the fiction of . . . mass action joinder lawsuits to disguise . . . advance fees as legal fees."  Complaint ¶ 23, at 6.  Real Estate Law " offerslegal representation, mortgage foreclosure consulting and mortgage modification services to homeowners in New Mexico."  Complaint ¶ 16, at 5.  "[Real Estate Law] has made direct telephone solicitations to New Mexico consumers and has advertised its services in filing mass joinder lawsuits and mortgage modifications."  Complaint ¶ 17, at 5.  "[Real Estate Law] has filed dozens of frivolous mass joinder lawsuits against a variety of banks, enticing hundreds of homeowners, including at least 23 New Mexico homeowners, to join these lawsuits as a way to obtain better loan terms."  Complaint ¶ 18, at 5.  Balanced Legal provides legal services via a website "accessible to New Mexico consumers."  Complaint ¶ 33, at 7-8.

> On its website, Balanced says, in close proximity to the words "**LOWER YOUR MORTGAGE PAYMENTS TODAY!!**" that **"[w]e work with litigation firms that sue lenders in individual or mass tort cases.  Potential results of lawsuits can include but not limited to the following: -- Principal reduction -- Monetary damages -- Lowered interest rates.  Cancellation of the loan if severe fraud was present"**.

Complaint ¶ 35, at 8 (emphasis and alteration in Complaint).  Real Estate Law has had "at least twenty-three . . . New Mexico consumers since 2013."  Complaint ¶ 58, at 13.

## PROCEDURAL BACKGROUND

New Mexico alleges that: (i) Real Estate Law violated the Mortgage Assistance Relief Services Rule, 12 C.F.R. 1015.1, "Regulation O," by soliciting and accepting advance fees from New Mexico residents before "a mortgage modification agreement [was] finalized," Complaint ¶ 84, at 19; (ii) the Defendants violated the New Mexico Mortgage Foreclosure Consultant

- 3 -

Fraud Prevention Act, N.M. Stat. Ann. §§ 47-15-1 to -8, by offering services to save "consumers' homes from foreclosure," requiring payment for services before completing the services, and not providing required "warnings, notices, and disclosures," Complaint ¶ 87, at 20; and (iii) the Defendants violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 to -26, by requiring "a large up-front fee . . . plus monthly maintenance fees," providing "no value to the consumers," and leading consumers to believe that the Defendants will help defend "a foreclosure lawsuit," Complaint ¶ 105, at 22. The Court held a scheduling conference on June 28, 2018. See Order Setting Case Management Deadlines and Discovery Parameters at 1, filed June 28, 2018 (Doc. 78)("Scheduling Order"). The Court filed the Scheduling Order, indicating that discovery would close on January 4, 2019. See Scheduling Order at 2. New Mexico sought to extend the discovery period to close on May 24, 2019, see Plaintiff's Motion for Extension of Deadlines, at 1 filed December 3, 2018 (Doc. 95), but the Court denied the request to extend the discovery deadline, see Memorandum Opinion and Order, March 19, 2019, at 2 (Doc. 116)("MOO").

      1.    **The Motion.**

The Parwatikar Defendants ask that the Court grant a protective order to preclude New Mexico from taking out-of-state depositions duces tecum less than three weeks before the trial's anticipated start date. See Motion at 1. The Parwatikar Defendants also ask that the Court quash the related subpoenas. See Motion at 1. The Parwatikar Defendants explain that, under rule 26(c)(1) of the Federal Rules of Civil Procedure, they conferred with New Mexico on June 13, 2019, and that the parties were unable to reach a resolution before the submission of this Motion. See Motion at 1 (citing D.N.M.LR-Civ. 30.2). The Parwatikar Defendants note, however, that the parties can continue to confer about issues related to document authenticity. See Motion at 1.

The Parwatikar Defendants state that discovery closed on January 4, 2019. See Motion at 1 (citing Scheduling Order at 2; MOO at 19). The Parwatikar Defendants also state that the trial is set for July 8, 2019, just over three weeks from the date of filing for this Motion. See Motion at 2. The Parwatikar Defendants state that, on June 6, 2019, New Mexico contacted them to set up trial depositions for June 19 and 20, 2019, to be taken by telephone. See Motion at 2. The Parwatikar Defendants assert that New Mexico did not provide the proposed times, places, or witnesses for the proposed depositions and, further, that New Mexico did not obtain consent from the Parwatikar Defendants before noticing three depositions duces tecum at 5:46 pm, June 12, 2019. See Motion at 2 (citing Email from Mary Krebbs to Paul Kennedy, Jessica Hernandez, and Elizabeth Harrison (sent June 12, 2019), filed June 13, 2019 (Doc. 153-2)("June 12 Email"); Notices to Take Trial Depositions *Duces Tecum* at 1, 3, 5, filed June 13, 2019 (Doc. 153-3)("Deposition Notices")). The Parwatikar Defendants assert that the notices for these depositions indicate that New Mexico "intends to take three depositions duces tecum telephonically, with deponents in the following locations: Minneapolis, Minnesota; San Francisco, California; and Los Angeles, California." Motion at 2. The Parwatikar Defendants state that the depositions are scheduled for June 20, 2019, at 8:00 am, 10:00 am, and 2:00 pm. See Motion at 2. The Parwatikar Defendants also assert that New Mexico provides three subpoenas related to the documents requested in these notices. See Motion at 2 (citing Subpoenas to Testify at a Trial Deposition *Decus Tecum* in a Civil Action at 1, 6, 10, filed June 13, 2019 (Doc. 153-4)("Subpoenas")).

The Parwatikar Defendants assert that the notices refer, in part, to rules 803(6) and 902(11) of the Federal Rules of Evidence, related to foundation, and that New Mexico suggested on June 13, 2019, that disagreement about two of the three deposition notices may be resolved in

part if the Parwatikar Defendants will waive their objections to authenticity. <u>See</u> Motion at 2. The Parwatikar Defendants assert that New Mexico seeks extensive documentation through the notices and subpoenas, including bank statements, canceled checks, agreements, emails, invoices and "many other records going back several years." Motion at 2 (citing Deposition Notices; Subpoenas). The Parwatikar Defendants assert that nothing has been filed to show the date or time that the subpoenas were served, but that the subpoenas themselves appear to have a service date of June 12, 2019. <u>See</u> Motion at 3 (citing Fed. R. Civ. P. 45(b)(4); Subpoenas). The Parwatikar Defendants assert that New Mexico's email concerning the depositions states only that New Mexico forwarded copies to the Parwatikar Defendants "for [their] information and files." Motion at 3 (citing June 12 Email at 1).

The Parwatikar Defendants argue that the June 12, 2019, notices of depositions duces tecum and subpoenas duces tecum do not comply with the Federal Rules of Civil Procedure requirements regarding adequate notice and out-of-time discovery. <u>See</u> Motion at 3. The Parwatikar Defendants state that they have previously objected to New Mexico's untimely filings and late disclosures in this case. <u>See</u> Motion at 3 (citing Defendants Parwatikar's Objections, filed May 25, 2019 (Doc. 147); Fed. R. Civ. P. 37(c)(1)). The Parwatikar Defendants ask for expenses and sanctions under rule 26(c)(3) and rule 37(a)(5) of the Federal Rules of Civil Procedure. <u>See</u> Motion at 3.

The Parwatikar Defendants argue that notice of deposition must be served to the other party at least fourteen days before the scheduled deposition and that notice must: (i) be in writing; (ii) state the time and place of the deposition; and (iii) state the name of the deponent and his, her, or its address or a general description sufficiently identifying the person or class/group to which the person belongs. <u>See</u> Motion at 3 (citing Fed. R. Civ. P. 30(b)(1);

- 6 -

D.N.M.LR-Civ. 30.1). The Parwatikar Defendants further assert that depositions "by remote means," including the telephone, can be taken only upon stipulation of all parties or with a court order. Motion at 3 (citing Fed. R. Civ. P. 30(b)(4)).

The Parwatikar Defendants also argue that subpoenas have notice requirements requiring that if a "subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Motion at 3-4 (citing Fed. R. Civ. P. 45(a)(4)). The Parwatikar Defendants assert that fourteen days are typically allowed to serve objections. See Motion at 4 (citing Fed. R. Civ. P. 45(d)(2)(B)). The Parwatikar Defendants argue that New Mexico provides notice less than eight days before the depositions and that New Mexico does not provide any notice under rule 45(a)(4) of the Federal Rules of Civil Procedure before serving its subpoenas. See Motion at 4 (citing Subpoenas). The Parwatikar Defendants argue that the short notice, rapid consecutive timing, locations, and manner of the depositions will "make it all but impossible for [the Parwatikar Defendants'] counsel to attend these depositions in-person to cross-examine the witness." Motion at 4.

The Parwatikar Defendants assert that depositions may proceed after discovery closes but argue that the depositions can only proceed for good cause and with the judge's consent. See Motion at 4 (citing Fed. R. Civ. P. 16(b)(4)). The Parwatikar Defendants argue that good cause "means that scheduling deadlines cannot be met despite a party's diligent efforts." Motion at 4 (quoting Street v. Curry Bd. of Cty. Comm'rs, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan 30, 2008)(Browning, J.)). The Parwatikar Defendants argue that the "party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no

reason for a grant of relief."  Motion at 4 (quoting <u>Mann v. Fernandez</u>, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009)(Browning, J.)).  The Parwatikar Defendants argue that, similarly, parties should not be allowed to use a subpoena to obtain material from third parties after the discovery deadline when the materials could have been produced before the deadline.  <u>See</u> Motion at 4 (citing 9A Charles Alan Wright et al., Federal Practice and Procedure Civil § 2452 (3d ed. 2019)).  The Parwatikar Defendants argue that this Court may exercise its discretion to quash subpoenas duces tecum issued to third parties outside the discovery period on a party's motion. <u>See</u> Motion at 4-5 (citing <u>E.E.O.C. v. BOK Fin. Corp.</u>, No. CIV 11-1132 RB/LAM, 2014 WL 11829321, at *2 (D.N.M. Feb. 4, 2014)(Brack, J.); <u>Peterbilt of Great Bend, LLC v. Doonan</u>, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006)(Marten, J.); <u>Revander v. Denman</u>, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)(Holwell, J.)).

The Parwatikar Defendants assert that, in <u>Hartnett v. Papa John's Pizza, Inc.</u>, the Court considered a party's request to depose a witness whose existence was not kept secret, but whose significance the party had not appreciated until the end of discovery.  <u>See</u> Motion at 5 (citing <u>Hartnett v. Papa John's Pizza, Inc.</u>, No. CR 11-2860 JB, 2012 WL 6962985, at *4 (D.N.M. Oct. 10, 2012)(Browning, J.)("<u>Hartnett</u>").  The Parwatikar Defendants draw on this Court's analysis of the party's request to take the witness' deposition out of time as a request to reopen discovery, asserting that the Court considered Rule 16's diligence requirements as well as the factors that the United States Court of Appeals for the Tenth Circuit established in <u>Smith v. United States</u>, 834 F.2d 166 (10th Cir. 1987)("<u>Smith</u>").  <u>See</u> Motion at 5 (citing <u>Hartnett,</u> 2012 WL 6962985, at *5-6).  The Parwatikar Defendants argue that the <u>Smith</u> factors include: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, [and] 4) whether the moving party was diligent in obtaining discovery within the

guidelines established by the court." Motion at 5 (citing <u>Smith</u>, 834 F.2d at 169). The Parwatikar Defendants assert that the Court refused to permit the deposition in <u>Hartnett</u> after weighing these factors, based in part on: (i) the trial being less than one month away; (ii) a party's opposition to the deposition; and (iii) a lack of demonstrated diligence to the Court's discovery deadlines on part of the party seeking the deposition. <u>See</u> Motion at 5 (citing <u>Hartnett</u>, 2012 WL 6962985, at *7).

The Parwatikar Defendants assert that the Court also analyzed a request for out-of-time depositions in <u>Skyline Potato Co., Inc. v. Tan-O-On Mktg. Inc.</u>, 285 F.R.D. 617, 629 (D.N.M. 2012)(Browning, J.)("<u>Skyline Potato Co.</u>"). <u>See</u> Motion at 5. The Parwatikar Defendants argue that the Court's findings in <u>Skyline Potato Co.</u> are as follows: (i) trial was imminent because it was set for less than four months from the issuance of the opinion; (ii) the motion was opposed, weighing against reopening discovery; (iii) the opposing parties would be prejudiced by the additional travel costs and because they also had to forgo some discovery to comply with the discovery deadlines; and (iv) the parties seeking the deposition had not been diligent in obtaining the discovery within the deadlines imposed by the Court as the parties had notice of the potential need for the requested deposition long before the close of discovery. <u>See</u> Motion at 5-6 (citing 285 F.R.D. at 629-30).

The Parwatikar Defendants argue that, in the present case, New Mexico has not asked for the Court's leave to take depositions duces tecum or to issue subpoenas duces tecum outside the discovery period and, subsequently, that New Mexico has not shown good cause for their untimeliness. <u>See</u> Motion at 6 (citing <u>Mann v. Fernandez</u>, 615 F. Supp. 2d at 1285; 9A Charles Alan Wright et al., Federal Practice and Procedure Civil § 2452 (3d ed.)). The Parwatikar Defendants also argue that the <u>Smith</u> factors weigh against permitting depositions duces tecum

and further subpoenas for obtaining records.  <u>See</u> Motion at 6 (citing <u>Smith</u>, 834 F.2d at 169). The Parwatikar Defendants argue that, like in <u>Hartnett</u>, trial is less than one month away in the present case.  <u>See</u> Motion at 6 (citing <u>Hartnett</u>, 2012 WL 6962985, at *7).  The Parwatikar Defendants further argue that, like in <u>Hartnett</u>, the Parwatikar Defendants have established their opposition to moving the discovery deadline and have shown an "eagerness to go to trial." Motion at 6 (citing <u>Hartnett</u>, 2012 WL 6962985, at *7; MOO).  The Parwatikar Defendants also argue that spending additional time in discovery will result in additional financial burdens on the parties, which will prejudice the Parwatikar Defendants and other parties.  <u>See</u> Motion at 6 (citing <u>Skyline Potato Co.</u>, 285 F.R.D. at 629).

The Parwatikar Defendants argue that New Mexico's repeated untimely disclosures and filings undermine any claim that it was diligent in obtaining discovery within the deadlines established by the Court.  <u>See</u> Motion at 6 (citing <u>Hartnett</u>, 2012 WL 6962985, at *7).  The Parwatikar Defendants also argue that the need to conduct discovery was easily foreseeable regarding bank statements, canceled checks, agreements, emails, invoices, and other records of the Parwatikar Defendants' financial activities.  <u>See</u> Motion at 6.  The Parwatikar Defendants argue that New Mexico has not justified why it has waited so long to schedule this deposition and that no good cause has been shown to reopen the discovery deadline.  <u>See</u> Motion at 6-7 (citing <u>Seed v. Lucero</u>, 2001 WL 37124826, at *2 (D.N.M. Sept. 4, 2001)(Garcia, J.)).

The Parwatikar Defendants argue that a party can move for a protective order to protect itself from "undue burden or expense," and that the Court has the discretion to forbid depositions duces tecum or other discovery.  Motion at 7 (citing Fed. R. Civ. P. 26(c)).  The Parwatikar Defendants also argue that the court can exercise its discretion to quash subpoenas when those subpoenas do not comport with Fed. R. Civ. P. 26.  <u>See</u> Motion at 7 (citing <u>E.E.O.C. v. BOK Fin.</u>

<u>Corp.</u>, 2014 WL 11829321, at *2).  The Parwatikar Defendants argue that the Court should conclude, in this case, that New Mexico has not demonstrated good cause and preclude New Mexico from taking the three noticed depositions duces tecum and quash the subpoenas duces tecum.  <u>See</u> Motion at 7.

The Parwatikar Defendants further argue that they were "forced" to file this motion on an expedited basis, because New Mexico "noticed these depositions duces tecum on short notice, did not provide a copy of its subpoenas duces tecum in advance, and is attempting to conduct discovery out of time without requesting the Court's leave."  Motion at 7 (citing Fed. R. Civ. P. 26(c); D.N.M.LR-Civ. 30.2).  The Parwatikar Defendants argue that, when a party prevails on its motion for a protective order, "the rules expressly contemplate 'awarding expenses.'"  Motion at 7 (quoting Fed. R. Civ. P. 26(c)(3)).  The Parwatikar Defendants argue that, here, New Mexico's conduct made this Motion necessary and that the Court should, therefore, require New Mexico to pay the reasonable expenses that the Parwatikar Defendants incurred in making the motion, including attorney's fees.  <u>See</u> Motion at 7 (quoting Fed. R. Civ. P. 37(a)(5)(A); citing Fed. R. Civ. P. 26(c)(3) (incorporating Rule 37(a)(5))).

The Parwatikar Defendants argue that they have already opposed New Mexico's requests to extend discovery, and objected to untimely disclosures and filings.  <u>See</u> Motion at 7.  The Parwatikar Defendants further argue that, with trial less than a month away, it is prejudicial to have to spend time and resources on motions like the present Motion to combat New Mexico's untimeliness.  <u>See</u> Motion at 8.  The Parwatikar Defendants, therefore, ask that the Court reward them the required expenses and fees under rule 37(a)(5) as well as reasonable sanctions pursuant with rule 37(c)(1)(C).  <u>See</u> Motion at 8.  The Parwatikar Defendants further ask that New Mexico

be prohibited "from supporting or opposing designated claims or defenses or from introducing designated matters in evidence." Motion at 8 (quoting Fed. R. Civ. P. 37(b)(2)(A)(ii)).

## 2. The Hearing.

The Court held a hearing at the pretrial conference on June 18, 2019, and the parties argued the Motion. See Draft Transcript of Hearing at 10:22-14:24 (Court, Anaya-Allen Kennedy, Pratt)(taken June 18, 2019)("Tr.").[1] At the hearing, the Court began by asking New Mexico if there were any issues with exhibits where the Court could help. See Tr. at 10:22-24 (Court). New Mexico responded that the Parwatikar Defendants' Motion needed to be discussed. See Tr. at 10:25-11:1 (Anaya-Allen).

New Mexico explained that there were issues around some records regarding whether they are certified, and so it thought that taking quick trial depositions would allow for custodian authentication, prompting New Mexico to prepare for depositions duces tecum.[2] See Tr. at 11:2-6 (Anaya-Allen). New Mexico explained that there is an objection to the use of these depositions for custodian authentication. See Tr. at 11:5-6 (Anaya-Allen). New Mexico stated that the records it is planning to have authenticated during these depositions are documents that have been in New Mexico's possession for more than a year in some instances. See Tr. at 11:6-10 (Anaya-Allen). New Mexico explained that the records from captive check loans, with

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2]When referring to certification, the Court assumes that New Mexico refers to the requirements concerning self-authenticating evidence discussed in rule 902 of the Federal Rules of Evidence. See also Fed. R. Evid. 902(11) (addressing when certified domestic records of a regularly conducted activity are self-authenticating).

Bates stamps from 353 to 2068, were almost entirely provided in February, 2018.[3] See Tr. at 11:11-13 (Anaya-Allen). New Mexico stated that another seventy pages relating to one consumer were obtained in March, 2019, after New Mexico was finally able to open a computer file that it had difficulty opening. See Tr. at 11:13-17 (Anaya-Allen).

New Mexico also stated that the Bank of America records were subpoenaed last year and provided to the Defendants in April, 2018, with Bates stamps from 3759 through 10399.[4] See Tr. at 11:17-20 (Anaya-Allen). New Mexico explained that it believed the Parwatikar Defendants were going to accept Bank of America's authentication, in the form of a certificate by Bank of America, but that Pratt has not responded regarding this issue. See Tr. at 11:21-12:6 (Anaya-Allen). New Mexico also explained that, comparatively, the U.S. Bancorp records, which were provided in May, 2018, do not have a custodian's certification, prompting New Mexico to "ask" or "subpoena" the custodian for a very brief trial deposition for the limited purpose of authenticating the records.[5] See Tr. at 12:6-13 (Anaya-Allen).

New Mexico said that it provided certified copies of the State Bar of California court records to the Defendants. See Tr. at 12:14-16 (Anaya-Allen). New Mexico added, however, that it had not received a response on the authentication issue from the Defendants regarding

---

[3]A captive finance company finances retail purchases as a wholly-owned subsidiary of a parent firm; its services include basic card services and full-scale banking. See Alexandra Twin, Captive Finance Company (June 7, 2019), https://www.investopedia.com/terms/c/captive financecompany.asp (last visited December 5, 2019).

[4]New Mexico did not state whose Bank of America records it wanted to authenticate, but the Court assumes that it refers to one of the Defendants' Bank of America records.

[5]New Mexico did not state whose U.S. Bancorp records it wanted to authenticate, but the Court assumes that it refers to one of the Defendants' U.S. Bancorp records.

these records. See Tr. at 12:16-17 (Anaya-Allen). New Mexico stated that the other brief trial deposition would be to authenticate these records. See Tr. at 12:17-19 (Anaya-Allen).

New Mexico argued that it does not believe that the issues raised in the Motion are relevant, because the Parwatikar Defendants, along with the other Defendants, have had all these records for many months. See Tr. at 12:20-24 (Anaya-Allen). New Mexico said that discovery is complete and that it obtained the records it has subsequently provided to the Defendants. See Tr. at 12:24-13:1 (Anaya-Allen). New Mexico argues that the only issue at hand is authentication for trial, and so it asks the Court to deny the Motion. See Tr. at 13:1-4 (Anaya-Allen). New Mexico maintained that it provided notice to the Defendants regarding the date of the depositions. See Tr. at 13: 4-5 (Anaya-Allen). New Mexico believes that Pratt had objected to only one of the dates provided for the deposition, and so the trial deposition has been moved to the other date. See Tr. at 13:5-7 (Anaya-Allen). New Mexico stated its plan to participate in the trial depositions telephonically and that it imagined that the Defendants could also participate over the telephone. See Tr. at 13:11-14 (Anaya-Allen).

The Court stated that, if all the parties agreed, it would be acceptable to do discovery outside the discovery period. See Tr. at 13:15-16 (Court). The Court stated that, even though trial lawyers speak of a difference between trial depositions and trial discovery on the one hand, and regular discovery on the other, the rules do not distinguish between the two. See Tr. at 13:17-20 (Court). The Court stated that it thought it is too late to be doing discovery in the present case. See Tr. at 13:20-22 (Court). The Court stated that, if the Defendants are going to insist that the deadline be enforced, it will grant the Motion and the authentications would have to be done the long way at trial. See Tr. at 13:23-14:2 (Court). The Court stated that it is not inclined to extend the deadline for discovery at this point. See Tr. at 14:2-3 (Court).

New Mexico stated that it is not clear why the trial depositions would be considered discovery. See Tr. at 14:4-5 (Anaya-Allen). The Court responded by reiterating that the trial depositions are depositions, and that the Federal Rules of Civil Procedure do not make a distinction between trial depositions and depositions for discovery purposes. See Tr. at 14:6-12 (Court). The Court also reiterated that, if the Defendants are going to insist on enforcing the existing deadlines, then it will agree with them. See Tr. at 14:13-14 (Court).

The Court asked the Parwatikar Defendants if they had anything to say on the Motion. See Tr. at 14:15-16 (Court). The Parwatikar Defendants did not have anything to add. See Tr. at 14:17 (Kennedy). The Court then asked Pratt if he wanted the discovery deadlines to be enforced and, subsequently, to do the authentications the long way at trial. See Tr. at 14:18-20 (Court). Pratt affirmed that he wanted the deadlines to be enforced and for the authentications to be handled at trial. See Tr. at 14:21 (Pratt). The Court stated that it would grant the Motion, issue a protective order, and quash the subpoenas. See Tr. at 14:23-24 (Court).

## LAW REGARDING DISCOVERY

"Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve -- advancing the quest for truth.'" Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., Nos. CIV 02-1146 and 03-1185, 2007 WL 1306560, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting Taylor v. Illinois, 484 U.S. 400, 430, (1988)). "Discovery is also, ideally, a self-executing system." Mann v. Fernandez at 1284. "Sometimes, though, the discovery system breaks down." Mann v. Fernandez, 615 F. Supp. 2d at 1284. "Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a

recognition of the importance of discovery for resolving cases on the merits on the other." <u>Mann v. Fernandez</u>, 615 F. Supp. 2d at 1284.

## 1.     <u>Scheduling Orders</u>.

"The District Court has wide discretion in its regulation of pretrial matters." <u>Si–Flo, Inc. v. SFHC, Inc.</u>, 917 F.2d 1507, 1514 (10th Cir. 1990). Scheduling orders, however, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). <u>Accord Street v. Curry Bd. of Cty. Comm'rs</u>, 2008 WL 2397671, at *6. The advisory committee notes to rule 16 observe:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment. The Court has stated in the past: "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." <u>Street v. Curry Bd. of Cty. Comm'rs</u>, 2008 WL 2397671, at *6.

Other courts within the Tenth Circuit have held that "the good cause standard primarily considers the diligence of the party . . . . The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Pulsecard, Inc. v. Discover Card Servs. Inc.</u>, 168 F.R.D. 295, 301 (D. Kan. 1996)(Rushfelt, M.J.)(alteration in original)(internal quotation marks omitted). In the United States District Court for the District of Utah, the Honorable Dale A. Kimball, United States District Judge, found "good cause" existed

to amend the court's scheduling order when the court decided to permit the plaintiff's counsel to withdraw as counsel. Kee v. Fifth Third Bank, No. CIV 2:06-00602-DAK-PMW, 2008 WL 183384, at *1 (D. Utah Jan. 17, 2008)(Kimball, J.). Judge Kimball reasoned: "In light of the court's decision to permit [counsel] to withdraw . . . the court has determined that good cause exists for amending the existing scheduling order." 2008 WL 183384, at *1. Similarly, this Court has found good cause to amend a scheduling order when a party demonstrates their due diligence and the amendment will not cause "undue prejudice or harm" to the opposing party. Walker v. THI of New Mexico at Hobbs Center, 262 F.R.D. 599, 604-605 (D.N.M. Oct. 8, 2009)(Browning, J.).

**2.      Reopening Discovery.**

In Smith, 834 F.2d at 166, the Tenth Circuit discussed the factors that courts should consider in determining whether to reopen discovery. These factors include:

> 1) [W]hether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 169 (citing Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1213 (3d Cir. 1984); Wilk v. Am. Med. Ass'n, 719 F.2d 207, 232 (7th Cir. 1983); Geremia v. First Nat'l Bank of Bos., 653 F.2d 1, 5-6 (1st Cir. 1981)). The United States Court of Appeals for the Fifth Circuit considers four similar elements when determining whether a court should modify a scheduling order: (i) the explanation for the party's failure to meet the deadline; (ii) the importance of what the court is excluding; (iii) the potential prejudice if the court allows the thing that would be excluded; and (iv) the availability of a continuance to cure such prejudice.

See S & W Enters., LLC v. S. Trust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003). This Court will not reopen discovery when the precipitating is a result of "deliberate strategy." Mann v. Fernandez, F. Supp. 2d 1277, 1287 (D.N.M. March 20, 2009)(declining to reopen discovery because the situation arose from deliberate strategy rather than "mere inattention").

## LAW REGARDING PROTECTIVE ORDERS

The trial court has discretion to grant a protective order pursuant to rule 26(c). See Morales v. E.D. Etnyre & Co., 228 F.R.D. 694, 696 (D.N.M. 2005)(Browning, J.). Rule 26(c) provides that, upon a good cause showing, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir. 1999)(unpublished)(reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").[6]

---

[6]Miller v. Regents of the Univ. of Colo., is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(Broby, J.).

"It is the party seeking the protective order who has the burden to show good cause for a protective order." Velasquez v. Frontier Med. Inc., 229 F.R.D. 197, 200 (D.N.M. 2005)(Browning, J.). The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal quotation marks omitted). Although rule 26(c) is silent on when "the movant must file for a protective order, the Tenth Circuit has held that 'a motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production.'" Montoya v. Sheldon, No. CIV 10-0360, 2012 WL 2383822, at *5 (D.N.M. June 8, 2012)(Browning, J.)(alteration in Montoya v. Sheldon)(quoting In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 669 F.2d 620, 622 n.2 (10th Cir. 1982)).

In Thomas v. International Business Machines, 48 F.3d 478 (10th Cir. 1995), the Tenth Circuit upheld the district court's protective order concerning the deposition of International Business Machines' ("IBM") chairman in an age discrimination case. See id. at 484. In that case, the plaintiff's notice to depose was untimely under the court's local rules and clashed with normal procedures regarding the deposition's location. See id. at 483. In addition, the chairman submitted an affidavit stating that he lacked personal knowledge regarding the plaintiff and that he was unaware of her performance ranking, work evaluations, or that she worked for IBM. See id.at 483 (citing Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989)(barring plaintiffs from deposing chief executive officer who lacked knowledge regarding pertinent facts); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)(upholding protective order concerning deposition of drug manufacturer's president who was extremely busy, lacked direct knowledge of facts in dispute, and other employees had more direct knowledge)). The

Tenth Circuit stated that the plaintiff made no effort to demonstrate that she could not gather the information she sought from other IBM personnel for whom a deposition would be less burdensome, and this lack of proof, coupled with the plaintiff's procedural failures, justified a protective order. See Thomas v. International Business Machines, 48 F.3d at 483-84. This Court has found a protective order appropriate when a lack of a protective order could result in a detriment to a party's "commercial position and legal rights." S2 Automation LLC v. Micron Tech., Inc. 283 F.R.D. 671, 681 (D.N.M. July 23, 2012)(Browning, J.).

## LAW REGARDING AWARDING EXPENSES UNDER RULE 37(a)(5)(A)

Rule 37 prescribes sanctions for parties who fail to comply with discovery until after a motion to compel is filed against them. With some exceptions, when a party is compelled to provide discovery, or provides the discovery only after a motion to compel has been filed against it, rule 37(a)(5) requires the court to order the responding party to pay the movant's reasonable expenses incurred in filing the motion:

> *(5)     Payment of Expenses; Protective Orders.*
>
> > **(A)**     *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> >
> > > **(i)**     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> **(ii)**      the opposing party's nondisclosure, response, or
> objection was substantially justified; or
>
> **(iii)**      other circumstances make an award of expenses
> unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Where parties have taken legitimate positions, and the Court grants in part and denies in part a motion to compel discovery responses, courts generally conclude that justice requires that each party be responsible for their own fees and costs. See Pulsecard, Inc. v. Discover Card Servs., 168 F.R.D. 295, 310-11 (D. Kan. 1996)(Rushfelt, M.J.); Greater Rockford Energy & Tech. Corp. v. Shell Oil Co., 138 F.R.D. 530, 539 (C.D. Ill. 1991)(Mills, J.).

## ANALYSIS

The Court concludes that New Mexico has not shown good cause why the Court should allow New Mexico to take "trial"[7] depositions outside of the discovery period. The Court does not see how New Mexico made diligent efforts and was yet unable to take the depositions for authentication purposes during the discovery period. Additionally, to allow New Mexico to take

---

[7]The Court has broad discretion in determining whether a deposition may be used and abuses its discretion if its determination results in fundamental unfairness. See Lear v. Equitable Life Assurance Soc'y, 798 F.2d 1128, 1135 (8th Cir. 1986). The Federal Rules of Civil Procedure do not use the term "trial deposition." While practicing lawyers use the term, and the Court from its practice days knows what lawyers mean by that phrase, the Federal Rules do not distinguish between "trial" depositions and deposition for other purposes. Cf. Battle v. Mem'l Hosp. at Gulfport, 228 F.3d 544, 551 (5th Cir. 2000)(citing Savoie v. Lafourche Boat Rentals, Inc., 627 F.2d 722, 724 (5th Cir. 1980)(holding that nothing prohibits the use of discovery depositions at trial)). Courts should avoid formally creating a subcategory of depositions that the Federal Rules, which Congress has reviewed and declined to alter, have not created or recognized.[6] See Wheeler Peak, LLC v. L.C.I.2, No. CIV 07-1117, 2010 WL 520523, at *2-3 (D.N.M. Jan. 26, 2010)(Browning, J.).

"trial" depositions at the current time would require the Court to reopen discovery, but the Court concludes that the Tenth Circuit's factors counsel against reopening discovery at this point. Accordingly, the Court will grant the Parwatikar Defendants' Motion.

A scheduling order may be modified only for good cause and with the Court's consent. See Fed. R. Civ. P. 16(b)(4). "Good cause" requires that a scheduling order cannot be met despite a party's diligent efforts. Street v. Curry Bd. of Cty. Comm'rs, 2008 WL 2397671, at *6. The Court does not see that New Mexico made diligent efforts to conduct depositions for authentications within the discovery period. New Mexico stated during the hearing that many of the documents needing authentication had been provided to the Defendants as early as February or April, 2018. See Tr. at 11:11-20, 12:4-13 (Anaya-Allen). These production dates fall well before the discovery deadline of January 4, 2019. See Scheduling Order at 2. See also MOO at 2. In the Court's view, this early production suggests that authentication could have been completed through depositions within the discovery period. Thus, the Court concludes that New Mexico has not shown good cause for modifying the Court's Scheduling Order. See Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D., at 301 (holding that the party seeking an extension of a discovery deadline must show that "despite due diligence it could not have reasonably met the scheduled deadlines").

Further, the factors that the Tenth Circuit has prescribed for considering whether to reopen discovery counsel against allowing New Mexico to take the depositions at this time. The trial date is less than one month away, and the Parwatikar Defendants oppose discovery's reopening, having filed the present Motion. See Smith v. United States, 834 F.2d at 169 (noting that the first two factors in deciding to reopen discovery are whether the trial is imminent and the request is opposed).

Additionally, reopening discovery may prejudice the Parwatikar Defendants. <u>See</u> <u>Smith</u>, 834 F.2d at 169 (noting that the third factor courts are to consider when asked to reopen discovery is whether reopening discovery will prejudice the party opposed to the reopening of discovery). The Parwatikar Defendants voice concern that, with New Mexico providing notice of the depositions less than eight days before the depositions are scheduled to take place, it would be very difficult for their counsel to attend the depositions and cross-examine the witnesses. <u>See</u> Motion at 4. The Parwatikar Defendants have also indicated an eagerness to go to trial. The Parwatikar Defendants opposed New Mexico's request to extend the Discovery deadline to May 24, 2019. <u>See</u> Defendant Parwatikar's Response in Opposition to Plaintiff's Motion for Extension of Deadlines at 1, filed December 10, 2018 (Doc. 96). The Parwatikar Defendants also have indicated that additional time spent on discovery will increase the financial burdens on the parties and will prejudice them. <u>See</u> Motion at 6 (citing <u>Skyline Potato Co.</u>, 285 F.R.D. at 629). Additionally, because the authentications can still be made during trial, there is little prejudice to New Mexico in enforcing the discovery deadline and granting the Motion.

While New Mexico appears to have been diligent at finding materials during discovery, New Mexico was not diligent in seeking authentication during the discovery period that the Court established. <u>See</u> <u>Smith</u>, 834 F.2d at 169 (holding that the fourth factor which courts are to consider is whether the moving party was diligent in abiding by the discovery deadlines). While practicing lawyers use the term "trial deposition," the Federal Rules of Civil Procedure do not distinguish between "trial" depositions and deposition for other purposes. <u>Cf.</u> <u>Battle v. Mem'l Hosp. at Gulfport</u>, 228 F.3d 544, 551 (5th Cir. 2000)(citing <u>Savoie v. Lafourche Boat Rentals, Inc.</u>, 627 F.2d 722, 724 (5th Cir. 1980)(holding that nothing prohibits the use of discovery depositions at trial)). Courts should avoid formally creating a subcategory of depositions that the

Federal Rules of Civil Procedure, which Congress has reviewed and declined to alter, have not created or recognized. See Wheeler Peak, LLC v. L.C.I.2, No. 07-1117, 2010 WL 520523, at *2-3 (D.N.M. Jan. 26, 2010)(Browning, J.). Accordingly, the Court has no reason to conclude that New Mexico could not have obtained the depositions before the close of discovery, especially when New Mexico has stated that most of the documents needing authentication were provided to the Defendants well within the discovery period. See Tr. at 11:11-20 (Anaya-Allen); id. at 12:4-13 (Anaya-Allen).

Additionally, the Court has already considered and ruled on New Mexico's prior request to extend discovery in this case. See MOO at 2; Smith, 834 F.2d at 169 (holding that the fifth factor which courts are to consider is whether the need for additional discovery was foreseeable in light of the scheduling order that the Court established). Accordingly, the Court has no reason to conclude that either party would have anticipated further discovery after the Court issued its Memorandum Opinion and Order denying the extension of discovery. See MOO at 2. As the Court stated at the hearing on this matter, the authentications can be handled at trial and, accordingly, there is no pressing need to take the trial depositions which were foreseeable in light of the Court's Scheduling Order and MOO. See Tr. at 13:23-14:2 (Court).

Last, while New Mexico's trial depositions may lead to the authentication of relevant evidence, the evidence can be authenticated at trial without the depositions occurring. See Tr. at 13:23-14:2 (Court). New Mexico indicates that, should the Court allow the depositions to occur, the Court would constrict the depositions to the narrow grounds of getting authentications, suggesting that the relevant evidence has already been discovered without requiring discovery to be reopened. See Tr. at 12:10-13 (Anaya-Allen); id. at 12:17-19 (Anaya-Allen). Accordingly, in the Court's view, granting the Motion will not prevent relevant evidence from being discovered.

See Smith, 834 F.2d at 169 (holding that the sixth factor which courts are to consider is whether the discovery will lead to relevant evidence).

The Court, therefore, concludes that New Mexico has not demonstrated good cause for modifying the Scheduling Order and that the Tenth Circuit's factors for reopening discovery are met. The Court will grant the Parwatikar Defendants Motion for a protective order and will quash the subpoenas duces tecum. With some exceptions, when a motion for a protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). See United States v. Hopkins, No. Civ. 11-0416 JB\WPL, 2013 WL 684650, at *8 (D.N.M. Feb. 11, 2013)(Browning, J.). The Court concludes that the Parwartikar Defendants filed their Motion after attempting to resolve the issue in good faith without court action, as the Parwatikar Defendants conferred with New Mexico on June 13, 2019, after receiving noticed of New Mexico's intent to schedule and to take the trial depositions. See Motion at 1 (citing Fed. R. Civ. P. 26(c)(1)). See also Fed. R. Civ. P. 37(a)(5)(A)(i) (requiring that the Court must not order the payment of reasonable expenses if the movant did not attempt, in good faith, to resolve the discovery conflict without court action).

The Court concludes that New Mexico was not substantially justified in providing untimely notices to the Parwatikar Defendants to take depositions outside of the discovery period. See Fed. R. Civ. P. 37(a)(5)(A)(ii). Counsel is required to "confer in good faith regarding scheduling of depositions before servicing notice of depositions. Service of notice of deposition . . . must be made at least fourteen (14) days before the scheduled deposition." Motion at 3 (citing D.N.M.LR-Civ. 30.1)("Service of notice of deposition in accordance with

Fed. R. Civ. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition."). Here, the Court notes that New Mexico sent an email to the Parwartikar Defendants on June 6, 2019, indicating that New Mexico would take depositions on June 19-20, 2019, and that New Mexico did not formally notice depositions until June 12, 2019, which is less than fourteen days from the dates proposed for the depositions, as the rules require. See Motion at 2-3. See also D.N.M.LR-Civ. 30.1. New Mexico does not provide an argument as to why it should not have to pay the reasonable expenses the Parwatikar Defendants incurred preparing this Motion, nor does it argue that the exception under rule 37(a)(5)(A)(ii) should apply. See Fed. R. Civ. P. 37(a)(5)(A)(ii) (providing an exception when "the opposing party's nondisclosure, response, or objection was substantially justified"). In the Court's view, because New Mexico reasonably could have taken depositions during the discovery period, and because New Mexico also can make the authentications at trial, the untimely notices to take the depositions are not substantially justified. Further, the Court denied New Mexico's prior request to extend discovery, so the Court sees no reason why New Mexico's requests to take depositions after the close of discovery and so close to the start of trial, are justifiable. The Court agrees, therefore, with the Parwatikar Defendants that New Mexico's conduct necessitated this Motion for the protective order and to quash the subpoenas. The Court does not see any other circumstances that make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, the Court will require that New Mexico pay the Parwatikar Defendants' reasonable expenses incurred in making the motion, including attorney's fees. See Fed. Civ. P. 37(a)(5)(A).

**IT IS ORDERED** that: (i) the Parwatikar Defendants' Motion for Protective Order and to Quash Subpoenas *Duces Tecum*, filed June 13, 2019 (Doc. 153) is granted; and (ii) the

Plaintiff State of New Mexico shall pay the reasonable expenses, including attorneys' fees, pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Hector H. Balderas
  Attorney General of the State of New Mexico
Angelica Anaya-Allen
Lisa Giandomenico
  Assistant Attorneys General of the State of New Mexico
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Real Estate Law Center, P.C.
Los Angeles, California

    *Defendant pro se*

Chad Thomas Pratt
Los Angeles, California

    *Defendant pro se*

Paul J. Kennedy
Jessica M. Hernandez
Elizabeth Harrison
Kennedy, Hernandez & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Deepak S. Parwatikar, Pinnacle Law Center, P.C., and
      Balanced Legal Group*

Erikson M. Davis
Newbury Park, California

    *Defendant pro se*